FOURTH DISTRICT—DECEMBER, 1915.    11

Renner v. St. Louis, Iron Mt. & S. Ry. Co., 197 Ill. App. 11.

## J. J. Renner, Appellee, v. St. Louis, Iron Mountain & Southern Railway Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Randolph county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 1, 1915.

### Statement of the Case.

Action by J. J. Renner, plaintiff, against the St. Louis, Iron Mountain & Southern Railway Company, defendant, in the Circuit Court of Randolph county, to recover for injuries to crops growing on a farm rented by plaintiff, for the years 1910, 1912 and 1913. From a judgment for plaintiff for $1,162, defendant appeals.

A judgment obtained by plaintiff's landlord in an action previously brought against the same defendant was reversed by this court in *Ufflemann v. St. Louis, I. M. & S. Ry. Co.*, 194 Ill. App. 42, on the ground that the suit being for rental values only no recovery could be had by the landlord for injuries to crops since the title to the crop was in the tenant until delivered or paid to the landlord.

Plaintiff rented the land from year to year, commencing in 1909, and paying as rent one-third the crops, except the hay of which he paid one-half. The farm consisted of about 259 acres and was intersected by defendant's railroad, leaving 200 acres thereof northeast of the right of way. The natural slope of this 200-acre tract is towards the railroad and through it Modoc Creek flows in a southwesterly direction passing under defendant's track and into a slough some 500 feet on the other side. This slough nearly parallels defendant's right of way and carries the water about two miles further on where it empties into the

Mississippi River. Modoc Creek formerly spread over all this land but before the railroad was constructed the channel was cleaned out and straightened. Since the construction of the railroad, overflow channels have also been dug and all the water gathered by the channel flows under the railroad track and into the slough through three openings provided therefor by defendant, the main one being thirty-nine feet long, thirteen feet wide and some three feet deep. The embankment across the land in question, upon which the rails are laid, is about three and a half feet in height. Plaintiff claims that by reason of the maintenance of defendant's embankment, the improper construction of the outlets under it and the fact that materials were permitted to fill up the outlet, the water in times of heavy rains was held back and destroyed his crops.

Defendant claimed that before the embankment was built the land in question was low, wet, marshy and unfit for cultivation, and that no crop could have been raised on it except in excessively dry years; that by the washing down of silt and soil from the bluffs, which filled in east of the railroad, the land was improved instead of injured; that part of the overflow and damage was caused by a failure on the part of appellee to keep open the ditches on the land; that plaintiff is not entitled to recover because at the time he rented the land and from year to year thereafter, upon the renewal of his lease, he was fully advised of the existence of the embankment and the conditions relating to it. A number of witnesses were produced by the parties whose testimony was conflicting and at great variance.

The court gave the following instructions on behalf of plaintiff:

"The Court instructs the jury that if you believe from the greater weight of the evidence that the plaintiff was injured by the overflow waters of the said Modoc Creek, as alleged in the declaration, by the failure of the defendant to construct the necessary

culverts or sluices, as the natural lay of the said land requires for the necessary drainage thereof, as alleged in the declaration, then the fact, if it is a fact, that the plaintiff knew before he leased said land, that said Modoc Creek frequently overflowed its banks, and knew of the conditions of the said railroad embankment and bridge, such knowledge on the part of the plaintiff would not be a bar to his recovery in this suit, and such knowledge of itself would constitute no legal defense for the defendant.

"The Court instructs the jury that the law of Illinois provides that in no case shall any railroad company construct or maintain its roadbed without first constructing the necessary culverts or sluices as the natural lay of the land requires for the necessary drainage thereof.

"The Court instructs the jury that the duty of a railroad company to so construct its road across a stream or natural watercourse as not to injure adjacent land by throwing water back upon the same is a continuing one and every continuance of such nuisance is, under the law, a fresh nuisance and injury. Each overflow upon the land of the adjoining owner, caused by the improper construction of a railroad company, in its mode of constructing or maintaining an embankment or bridge over a natural watercourse, creates a new cause of action against the company that built, or the company that may be operating and maintaining such embankment or bridge at the time of such overflow, for injuries thereby caused, to the owner or the lessee lawfully in possession of such land.

"The Court instructs the jury that although a railroad company may construct a crossing over a natural watercourse in a skilful manner and according to approved principles of engineering, yet if injury necessarily results to the adjoining landowner or to any person lawfully in possession under the owner, the company will be liable."

H. L. Browning and L. O. Whitnel, for appellant; Sprigg & Gilster and Edward J. White, of counsel.

A. E. CRISLER and A. C. BOLLINGER, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. RAILROADS, § 350*—*when evidence sufficient to sustain finding that culverts inadequate to carry off water.* In an action against a railroad company to recover for injury to crops by being overflowed by water, where the land in question sloped towards defendant's railroad embankment and was drained by a river which flowed under such railroad through openings in the embankment constructed and maintained by defendant, evidence *held* sufficient to warrant a finding that the openings through defendant's embankment were insufficient to carry off the water from plaintiff's land within a reasonable time, by reason of which such water was held back on plaintiff's land, injuring the crops growing thereon.

2. RAILROADS, § 353*—*when damages awarded tenant for injury to crops by overflow not excessive.* In an action by a tenant against a railroad to recover for injury to his crops by overflow, where the lease provides that the rent reserved thereby shall be one-third of the crops raised thereon, a verdict is not excessive where plaintiff confines his proof to two-thirds of the total loss sustained, and where the verdict was for $1,162, while the total loss proved was $1,970.

3. RAILROADS, § 345*—*when tenant may maintain action to recover damages for injury to land by overflow.* In case of injury to land by overflow due to inadequacy of railroad culverts to carry off water, the holder of a leasehold interest therein has a right of action to recover the proportion of the damages caused by such injury which such tenant has personally sustained, unless the land was leased after the wrongful act was done which caused the injury.

4. WATERS AND WATERCOURSES, § 24*—*when tenant from year to year may not maintain action for damages to crops due to overflow.* The general rule is that a tenant from year to year who renews his lease with knowledge of wrongful acts by an adjoining owner which have already caused injury to the crops of such tenant, due to overflow, cannot recover from such adjoining owner for injury to crops caused by such wrongful acts during the year for which such lease has been renewed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Renner v. St. Louis, Iron Mt. & S. Ry. Co., 197 Ill. App. 11.

5. RAILROADS, § 345*—*when liable to tenant for damages due to failure to construct proper culverts.* The general rule applicable to tenants who lease property with a knowledge of injury already done to the leased property does not apply where the injury is caused by the construction of a railroad which is controlled by clause 5 of section 19 of the Railroad Act (J. & A. ¶ 8754), providing that "in no case shall any railroad company construct a roadbed without first constructing the necessary culverts or sluices as the natural lay of the land requires for the drainage thereof."

6. RAILROADS, § 332*—*when railroad liable for nuisance. without notice to remove.* The rule that one who comes into possession either as grantee or lessee of land on which a nuisance exists cannot be held liable for damages caused thereby prior to notice, and a request to remove the nuisance has been changed by clause 5 of section 19 of the Railroad Act (J. & A. ¶ 8754), in so far as applicable to railroads constructed after the passage of the statute.

7. RAILROADS, § 328*—*when must construct necessary culverts and sluices.* Under clause 5 of section 19 of the Railroad Act (J. & A. ¶ 8754), the construction of all culverts and sluices necessary for the drainage of water naturally draining through the land covered by the right of way is a condition precedent to the construction of a railroad after the passage of the act, the statute in positive and express terms prohibiting the construction of the railroad until such requirement is complied with.

8. RAILROADS—*when burden on to show grounds for failure to construct required culverts and sluices.* In an action against a railroad to recover for injuries to land caused by the failure of defendant to construct culverts and sluices through its embankment as required by clause 5 of section 19 of the Railroad Act (J. & A. ¶ 8754), the burden is on defendant, where the embankment in question was constructed since the passage of the statute, affirmatively to show facts in excuse of its failure to comply with the statute.

9. RAILROADS, § 342*—*when successive actions maintainable for injury due to improper construction of.* Under clause 5 of section 19 of the Railroad Act (J. & A. ¶ 8754), the duty of a railroad company to construct and maintain its road across a stream in such manner as not to injure the adjacent land by throwing water back upon it is a continuing one, and each overflow resulting from a neglect to perform the duty required by the statute creates a new cause of action for the injury to land and crops caused thereby.

10. RAILROADS, § 315*—*when tenant may assume that obstruction of drainage will not be continued.* A tenant who leases prem-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ises with knowledge of the defective construction of railroad embankments on such premises which tend to obstruct drainage from his land, may act upon the presumption that the nuisance occasioned thereby would not be continued and that the railroad company would perform the continuing duty imposed by clause 5 of section 19 of the Railroad Act (J. & A. ¶ 8754), to construct such culverts and sluices through its embankments as are necessary to drain adjacent land.

11. Railroads, § 345*—*when tenant from year to year may maintain action for injury to crops due to overflow.* In an action by a tenant to recover for injury to his crops by reason of the overflow of water on his land due to the imperfect construction of openings through a railroad embankment through which the water drained from plaintiff's land, *held* that plaintiff's action was not barred although it appeared that plaintiff was a tenant from year to year and had renewed his lease with a knowledge of the imperfections in the embankment and that such imperfections might injure such crops by causing an overflow of water thereon.

12. Railroads, § 352*—*when instruction in language of statute relative to construction of culverts and sluices proper.* In an action against a railroad corporation to recover for injury to crops as a result of the failure of defendant to comply with clause 5 of section 19 of the Railroad Act (J. & A. ¶ 8754), providing that "in no case shall any railroad company construct a roadbed without first constructing the necessary culverts or sluices as the natural lay of the land requires for the drainage thereof," an instruction which stated the requirements of the statute *held* proper.

13. Instructions, § 151*—*when may be refused.* Requested instructions may be refused where such instructions are covered by other given instructions.

14. Railroads, § 350*—*when evidence sufficient to sustain verdict.* In an action by a tenant against a railroad to recover for injury to crops due to overflow, evidence *held* sufficient to entitle plaintiff to recover.

15. Railroads, § 352*—*when instruction as to liability of railroad although tenant knew of condition of culverts proper.* In an action by a tenant against a railroad company for damages for injury to crops sustained as a result of overflow caused by insufficient culverts, an instruction as to the liability of defendant, although plaintiff knew before he leased the land that the creek frequently overflowed its banks and of the condition of the railroad embankment, approved.

16. Railroads, § 352*—*when instruction as to duty of proper construction of road over watercourses being continuing one, and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*each overflow creating cause of action proper.* In an action by a tenant against a railroad company for damages for injury to crops sustained as a result of overflow caused by insufficient culverts, an instruction that the duty of the railroad to so construct its road across a natural watercourse as not to injure adjacent property owners by overflow was a continuing one, and that each successive overflow due to such cause created a new cause of action, approved.

17. RAILROADS, § 352*—*when instruction as to liability to owner or tenant for injury due to overflow proper.* In an action by a tenant against a railroad company for damages for injury to crops sustained as a result of overflow caused by insufficient culverts, an instruction that defendant was liable for injury necessarily sustained by owner or tenant even though construction of road over natural watercourse skilfully done, approved.